ACCEPTED
12-14-00287-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/26/2015 3:19:21 PM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00287-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/26/2015 3:19:21 PM
CATHY S. LUSK
Clerk

FOR THE

STATE OF TEXAS

---

BRANDI MICHELLE NICHOLS,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
State Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719
mwest@smith-county.com

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . 2

**COUNTERPOINT ONE: The Trial Court correctly overruled
Appellant's motion to suppress where the record shows that the
officer involved acted in a constitutional manner** . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## INDEX OF AUTHORITIES

**STATUTE/RULES**                                                       **PAGE**

**TEX. CODE CRIM. PROC. ANN. (Vernon 2015)**

Art. 38.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TEX. TRANSP. CODE (Vernon 2014)**

§ 547.333 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TEX. R. EVID. (Vernon 2015)**

Rule 104 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATE CASES**                                                        **PAGE**

*Brimage v. State*, 918 S.W.2d 466
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Carter v. State*, 309 S.W.3d 31
(Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Davis v. State*, 947 S.W.2d 240
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Delao v. State*, 235 S.W.3d 235
(Tex. Crim.App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*DuBose v. State*, 915 S.W.2d 493
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dykes v. State*, 657 S.W.2d 796
(Tex.Crim.App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Espinosa v. State*, 899 S.W.2d 359
(Tex.App. - Houston [14th Dist.] 1995, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . 11

**STATE CASES (CONT)**              **PAGE**

*Green v. State*, 934 S.W.2d 92
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gutierrez v. State*, 422 S.W.2d 467
(Tex.Crim.App. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Guzman v. State*, 955 S.W.2d 85
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Henderson v. State*, 962 S.W.2d 544
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Martinez v. State*, 127 S.W.3d 792
(Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McVickers v. State*, 874 S.W.2d 662
(Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Oles v. State*, 993 S.W.2d 103
(Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Carter*, 915 S.W.2d 501
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*State v. McCray*, 986 S.W.2d 259
(Tex.App. - Texarkana 1998, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Willis v. State*, 192 S.W.2d 585
(Tex.App. - Tyler 2006, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . 3

*Villarreal v. State*, 935 S.W.2d 134
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CAUSE NO. 12-14-00287-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

---

BRANDI MICHELLE NICHOLS,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

## STATE'S REPLY TO APPELLANT'S BRIEF

---

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant, Brandi Michelle Nichols, was indicted in Cause No. 114-0561-14, in the 114th District Court of Smith County, Texas, with the offense of Possession of

1

a Controlled Substance. (CR: 1). On September 26, 2014, the parties met in court, Appellant with counsel, and after being fully admonished according to the law, Appellant entered an open plea of "Guilty" to the offense alleged by the indictment. After hearing evidence and argument of counsel, the Court imposed a sentence of five years confinement with a $2000 fine.

Appellant gave timely notice of appeal, counsel was appointed, and a brief filed with the Court. The State's response brief will be timely filed if post-marked on or before May 26, 2013.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the evidence presented at the hearing on her motion to suppress. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's points of error will be discussed in the State's arguments in response to the individual points.

## REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

COUNTERPOINT ONE: **The Trial Court correctly overruled Appellant's motion to suppress where the record shows that the officer involved acted in a constitutional manner.**

### A. Summary of Argument

Appellant argues that the trial court incorrectly overruled her motion to suppress evidence where the officer lacked probable cause or reasonable suspicion

2

that Appellant had violated a traffic law and where the discovery of the methamphetamine in her vehicle was improperly induced by "promises and threats" from the officer. However, it was the arresting officer's undisputed testimony that he was 100% certain that Appellant failed to dim her bright lights when approaching traffic. Moreover, no specific promise or threat was made to Appellant prior to the discovery of the methamphetamine in her vehicle during an inventory search.

## B. The Trial Court's Discretion on a Motion to Suppress Evidence

A trial court's denial of a motion to suppress is generally reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); *Willis v. State*, 192 S.W.2d 585, 590 (Tex.App. - Tyler 2006, *pet. ref'd*), *citing Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996).

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical fact as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). This Court should afford the same amount of deference to the trial court's rulings on "mixed questions of law and fact" if the resolution of those ultimate questions turns on an evaluation of witness credibility and demeanor. *Id.* Appellate courts must view the record in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably correct on any theory of law

3

applicable to the case. *Id.* The Court of Criminal Appeals has decided that it is improper for an appellate court to weigh the factual sufficiency of the evidence elicited at the suppression hearing because the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony. *DuBose v. State*, 915 S.W.2d 493, 496 (Tex.Crim.App. 1996).

Additionally, the trial judge is also the initial arbiter of the legal significance of those facts. *Id.*; TEX. R. EVID. ANN. Rule 104 (a) (Vernon 2015). On appeal, the Court should limit its review of the trial court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether the trial court has abused its discretion. *Id.* The Court of Criminal Appeals has specifically instructed appellate courts to give deference to the trial court's ruling with regard to a motion to suppress. *State v. Carter*, 915 S.W.2d 501, 504 (Tex.Crim.App. 1996). Even if this Court would have reached a different result on the issue of suppression, as long as the trial court's rulings are at least within the "zone of reasonable disagreement," the Court should not intercede. *Id.* at 496-97. The Fourth Amendment and the Texas Constitution forbid only unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Brimage v. State*, 918 S.W.2d 466, 500 (Tex.Crim.App. 1996).

4

**C. Application of the Law to the Facts.**

**1. Appellant's arrest was based upon probable cause where she committed a traffic violation in the presence of the arresting officer. (Response to Point of Error One).**

Appellant first complains that the trial court abused its discretion in denying her motion to suppress because the traffic stop which led to her arrest was not based upon probable cause. (Appellant's brief at 11-16). This complaint ignores the abundant and undisputed evidence in the record that showed that probable cause existed to stop Appellant after she failed to dim her headlights while approaching traffic in violation of the law. (RR 2: 9-11).

The law provides that an officer may lawfully stop and detain a person for a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993). To justify a traffic stop, the officer must have observed specific and articulable facts which, in light of the officer's experience and personal knowledge, together with rational inferences from these facts, would warrant a reasonable person to believe a traffic violation had occurred. *Davis v. State*, 947 S.W.2d 240, 242-43 (Tex.Crim. App. 1997).

At the hearing on Appellant's motion to suppress, DPS Trooper Cody Shepard testified that at 12:30 a.m on the day of the offense in this case he was, "on 2493 approaching a stop sign. As I was slowing down, I noticed a vehicle that was coming

5

towards me with bright lights on" and the driver did not dim the bright lights at any point prior to passing by the Trooper in the opposite lane of travel. (RR 2: 9). According to the Trooper's testimony, the traffic law requires "that when you're approaching the vehicle from the front you must dim your headlight within 500 feet of meeting the vehicle." (RR 2: 10). This is an accurate summation of the law. The Transportation Code provides that:

> (c) A person who operates a vehicle on a roadway or shoulder shall select a distribution of light or composite beam that is aimed and emits light sufficient to reveal a person or vehicle at a safe distance ahead of the vehicle, except that:
>
> (1)     an operator approaching an oncoming vehicle within 500 feet shall select:
>
> (A) the lowermost distribution of light or composite beam, regardless of road contour or condition of loading; or
>
> (B) a distribution aimed so that no part of the high-intensity portion of the lamp projects into the eyes of an approaching vehicle operator;
>
> (2)     an operator approaching a vehicle from the rear within 300 feet may not select the uppermost distribution of light.

TEX. TRANSP. CODE § 547.333 (c) (Vernon 2014).

A violation of Transportation Code § 547.333 (c) has long been considered a valid reason to conduct a traffic stop where appellate courts have held that the failure to dim one's headlights to oncoming traffic, standing alone, justifies the stop and

6

detention of a motorist. *See State v. McCray*, 986 S.W.2d 259, 263 (Tex.App. - Texarkana 1998, *pet. ref'd*) *citing Gutierrez v. State*, 422 S.W.2d 467, 468-69 (Tex. Crim.App. 1968).

Appellant argues that the Trooper testified in cross-examination that he told Appellant that he "believed her" when she told him that her low beams were routinely mistaken for being the high beams. (RR 2: 42). However, the record also reflects that the Trooper testified immediately after that statement:

A.   That is a statement I make to a lot of people.

Q.   Is that true –

A.   They tell me they weren't speeding or they didn't do something wrong. I get argued with a lot. My personality is not to argue, it's just to agree and move on.

Q.   Was it true when you said, "I believe you"?

A.   I mean, I believe that what she said she thought was the truth. But, in fact, it wasn't.

(RR 2: 42).

He then continued to tell the trial court that he was 100% certain that Appellant approached him with her high beams on. (RR 2: 44). A video of the stop depicting Appellant approaching with her bright lights on was also admitted and shown to the trial court. (RR 2: 27-29; State's Exhibit 1S). After hearing Trooper Shepard's testimony and watching the video, the trial court subsequently issued findings of fact

7

which stated that "[t]he Court finds Trooper Shepard's testimony to be credible on this issue and finds that [Appellant's] bright lights were on as she approached and passed Trooper Shepard." (CR: 65). Based upon these findings, the court concluded that Trooper Shepard "had reasonable suspicion to detain [Appellant] for the traffic violation set forth in Transportation Code section 547.33 [sic] (c) ." (CR: 70).

Appellant did not take the stand and offered no witnesses or other evidence to dispute or refute Trooper Shepard's testimony regarding the reason why he stopped Appellant. The trial court's findings regarding that matter are thus well supported by the record of this case.

As noted above, the Court of Criminal Appeals has specifically instructed appellate courts to give deference to the trial court's ruling with regard to a motion to suppress. *State v. Carter*, 915 S.W.2d at 504. Even if this Court would have reached a different result on the issue of suppression, as long as the trial court's rulings are at least within the "zone of reasonable disagreement," the Court should not intercede. *Id.* at 496-97. Under the record of this case, Appellant has failed to show that the trial court's finding that she approached and passed Trooper Shepard with her bright beams on is outside the "zone of reasonable disagreement." There is no merit to Appellant's first Point of Error and it should be overruled.

8

**2.** **The discovery of methamphetamine in this case was not improperly induced by any promise or threat from the arresting officer. (Response to Point of Error Two).**

Under a multifarious second point, Appellant argues that the trial court erred in refusing to suppress the controlled substance underlying this case where she was improperly induced to disclose the location of the methamphetamine by promises and threats made to her by Trooper Shepard. (Appellant's brief at 17-26).[1] However, this claim is not supported by the record. The trooper had Appellant under arrest for DWI when he looked in her purse and found a glass pipe that he knew was used for smoking narcotics. (RR 2: 29-30). He asked Appellant if she had anything else in her vehicle before he finished his inventory, telling her as he did:

> I'm going to go through that vehicle. Tell me right now if there's anything else in there that I will find. If I do find it after you tell me, we can work something out. But if I go in there and find it and you lied to me about being in there, it's going to be worse. More problems than if you just be honest with me now. Tell me what's in that vehicle, I'll find it - work it out. But if you lie to me and I find it, we're going to have a big problem.
>
> (CR: 68-69).

---

[1] Also argued in Appellant's second point is that: (1) the search of her vehicle was illegal where a proper inventory was not being conducted when Trooper Shepard found Appellant's pipe; and that the search of Appellant's vehicle incident to her arrest violated the Supreme Court's decision in *Arizona v. Gant*, 566 U.S. 332 (2009). (Appellant's brief at 18-23). However, these grounds were not raised by Appellant's motion to suppress. (CR: 33-34). Nor were they argued at the hearing on Appellant's motion. (RR 2: 54-55). This Court should decline to review the trial court's decision on grounds not properly preserved in that court. TEX. R. APP. PROC. ANN. Rule 33.1 (a) (Vernon 2015).

9

Appellant told Trooper Shepard that she had an amount of methamphetamine in a bubble gum wrapper in the console of the car. (RR 2: 32). He was unable to find it and had to ask her again where it was. *Id.* Before asking her the second time, the trooper did not make any promises to Appellant. (RR 2: 33). After Appellant told him where to look, Trooper Shepard then found the methamphetamine. *Id.*

The trial court made several findings of fact concerning the statements by Trooper Shepard. The court found that: (1) the statements were "general and not specific;" (2) that "Trooper Shepard did not make any promise regarding a specific sentence, benefit or outcome regarding [Appellant's] case;" (3) the statements "at most, were a prediction about future events, not a promise of a specific result;" (4) the statements were "not likely to lead to a false confession;" and, (5) the statements "did not actually overbear [Appellant's] will, cause her to give up the right to remain silent, or confess to the location of the methamphetamine." (CR: 69-70). Based upon these findings, the trial court further concluded that:

> Whether analyzed under state or federal standards, Trooper Shepard's statements to [Appellant] did not induce (state standard) or coerce (federal standard) [Appellant] to tell Trooper Shepard where the methamphetamine was in her vehicle.

(CR: 73).

The law provides that an accused's statement may be used against him "if it appears that the same was freely and voluntarily made without compulsion or

10

persuasion." TEX. CODE CRIM. PROC. ANN. Art. 38.21 (Vernon 2015). The Court of Criminal Appeals has decided that for a promise to render a confession invalid under Article 38.21, the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully. *Martinez v. State*, 127 S.W.3d 792, 794 (Tex.Crim.App. 2004), *citing Henderson v. State*, 962 S.W.2d 544, 564 (Tex.Crim.App. 1997).

Moreover, an improper inducement "must be of an exceptional character" before it will invalidate an otherwise voluntary confession. *Espinosa v. State*, 899 S.W.2d 359, 363-64 (Tex.App. - Houston [14th Dist.] 1995, *pet. ref'd*). Generally, non-specific offers to help a defendant are unlikely to elicit a false statement by a suspect and will not render a confession invalid. *Id. citing Dykes v. State*, 657 S.W.2d 796, 797 (Tex.Crim.App. 1983). Furthermore, statements about how a confession might generally result in more lenient treatment later on will not invalidate the confession. *Id.*

Here, the record supports the trial court's findings of fact that the general statements made by Trooper Shepard to Appellant regarding what might be found in her vehicle did not constitute improper inducement and "at most, were a prediction about future events, not a promise of a specific result." (CR: 69). And, the record is entirely silent as to Appellant's subjective beliefs after hearing the statements.

11

The Court of Criminal Appeals has previously held that the trial court is the "sole and exclusive trier of fact and judge of the credibility of the witnesses," particularly when a motion to suppress is based on the voluntariness of a confession. *Carter v. State*, 309 S.W.3d 31, 41-42 (Tex.Crim.App. 2010), *citing Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim.App. 2007); *see also Green v. State*, 934 S.W.2d 92, 98-99 (Tex.Crim.App. 1996) (stating that, in the context of determining the voluntariness of a confession, the trial court is the sole factfinder and may elect to "believe or disbelieve any or all" of the evidence presented at a hearing on a motion to suppress). This Court also "must give great deference 'to the trial judge's decision to admit or exclude such evidence, which will be overturned on appeal only where a flagrant abuse of discretion is shown.' *Carter*, 309 S.W.3d at 41-42, *citing Delao*, 235 S.W.3d at 238.

In light of the great deference which must be afforded the trial court's finding that Trooper Shepard was a credible witness, Appellant has again failed to establish under this point that the trial court's decision to deny her motion to suppress outside the "zone of reasonable disagreement" and an abuse of the court's discretion. As such, there is no merit to Appellant's second Point of Error and it should be overruled.

12

## PRAYER

**WHEREFORE,** for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Points of Error and affirm the judgment of the 114th District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 2,525 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i) (Vernon 2015).

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _26th_ day of _May_ , 2015, the following have been completed:

(1) The original of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. Jeff Haas
Attorney at Law
100 E. Ferguson, Ste. 908
Tyler, Texas 75702

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

14